Kelly K. LoCascio, Esq., SBN #022793
Michael J. Ward, Esq., SBN # 022782
Lisa J. Counters, Esq., SBN #016436
8014 E. McClain, Suite 220
Scottsdale, Arizona 85260
Telephone: (480) 634-8017
Facsimile: (480) 247-4603
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ANGEL JET SERVICES, L.L.C., an limited liability company, individually and as assignee of Linda Sommers, <br><br> Plaintiff, <br><br> v. <br><br> Build-A-Bear Workshop, Inc. Welfare Benefit Plan, United HealthCare Insurance Company, <br><br> Defendant. | Case No.: 2:10-cv-150 <br><br> **COMPLAINT** |

For its complaint against Defendants, Angel Jet Services, L.L.C. ("AJS") as assignee of Linda Sommers ("Sommers") alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action under ERISA, 29 U.S.C. § 1132(e), (f), and under 28 U.S.C. § 1331.

2. Venue is proper under 29 U.S.C. § 1132 (e)(2) because the denial of benefits and breach of the health and welfare plan took place in this District.

1

# PARTIES

3. AJS is an Arizona limited liability company with its principal place of business in Scottsdale, Arizona.

4. Defendant Build-A-Bear Workshop, Inc. Welfare Benefit Plan ("the Plan") is an ERISA benefit plan. The plan operates and does business in Arizona.

5. Build-A-Bear Workshop, Inc. ("BAB") is the plan sponsor and the named fiduciary of the Plan.

6. United HealthCare Insurance Co. ("United") is the Plan's claims fiduciary.

7. Sommers was a Plan beneficiary and participant by virtue of her employment with BAB.

8. Sommers is the mother and guardian of Tanner Sommers ("Tanner"), a minor.

9. At all relevant times, Tanner was also Plan participant and beneficiary.

10. All services provided by AJS were provided to Tanner and were authorized by Sommers.

11. At all relevant times, AJS was Sommers' assignee, pursuant to an Assignment of Benefits to AJS. Thus, AJS "stands in the shoes" of Sommers, and has standing to assert whatever rights Sommers possesses relating to the Plan and this claim, including the right to pursue administrative remedies.

12. On information and belief, United exercised authority to make final decisions regarding the payment of medical benefit claims for the Plan. Accordingly, Plaintiff is informed and believes that United is either a "named fiduciary" of the Plan, pursuant to 29 U.S.C. § 1133(2); a "deemed fiduciary" pursuant to 29 U.S.C. § 1002 (21)(A); or a "designated fiduciary," pursuant to 29 U.S.C. § 1105(c)(1)(B).

**FACTUAL ALLEGATIONS**

13. AJS is a worldwide fixed-wing air ambulance service provider. AJS utilizes medically-customized specialty aircraft to transport patients.

14. AJS' services include flight coordination, patient assistance, coordination between sending and receiving medical providers, and transportation from one facility to the airplane, to another facility under the care of trained professional medical service providers in flight and throughout the transport, including critical care nurses.

15. Tanner was born with cerebral palsy and by the age of five had been diagnosed with mitochondrial disorders, severe brain damage from Periventricular Leukomalacia, exotropia, seizures, autism, loss of muscle coordination/tone, and inhibited growth.

16. Dr. Janelle Stutzman, Tanner's Board Certified Pediatrician determined that Tanner likely had a mitochondrial disorder. Dr. Stutzman referred Tanner for treatment at the Cleveland Clinic by Dr. Sumit Parikh, a specialist in pediatric mitochondrial disorders, because Tanner required more specialized treatment and evaluation than Dr. Stutzman or any other provider in the Grand Rapids, Michigan area was able to provide. Dr. Stutzman determined that the Cleveland Clinic was the closest, most appropriate facility to provide treatment to Tanner.

17. Dr. Stutzman also ordered that Tanner travel to the Cleveland Clinic by air ambulance due to the risk of seizures during travel that could lead to hypoxia or aspiration.

18. On April 21, 2009, AJS attempted to secure preauthorization for Tanner's transport through United, and was originally advised that air ambulance benefits were "explicitly excluded" by the Plan because non-emergency air transportation was not covered since Tanner was not being transferred from a "facility." United disclosed to

1  AJS that it defined "facility" as an acute care hospital.  This definition does not appear in
2  the Plan documents.
3       19.  On April 23, 2009, AJS provided Tanner with medically necessary air
4  ambulance services from Grand Rapids, Michigan to Cleveland, Ohio.
5       20.  AJS medical providers escorted Tanner on his flight and provided care
6  and treatment to him.
7       21.  On April 23, 2009, AJS submitted a claim to United for $136,600 for the
8  air ambulance services provided to Tanner.
9       22.  The services rendered by AJS were benefits to which Sommers was
10 entitled under the terms of the Plan.
11      23.  On Sommers' behalf, AJS filed a first level appeal on April 23, 2009.
12      24.  On May 19, 2009, MultiPlan, Inc., acting on behalf of United, sought an
13 agreement with AJS to accept $50,820 for payment of the $72,600 charged by AJS for
14 statutory mileage.  AJS accepted the agreement.  United did not honor the agreement.
15      25.  On April 23, 2009, despite having provided United with a copy of the
16 assignment of benefits and appointment of representative forms executed by Sommers,
17 United required that its authorization form be completed to process the appeal.
18      26.  By June 1, 2009, United denied the claim.  On July 16, 2009, United
19 issued an explanation of benefits that denied the claim because "this service does not
20 meet coverage requirements a defined in your plan."  The explanation of benefits
21 provided the opportunity "to submit either scientific evidence, skilled care information
22 or medical records that demonstrate how this service meets the requirements indicated in
23 your benefit plan language."
24      27.  On July 1, 2009, United advised AJS that it would not pay $54,000 of the
25 claim because CPT Codes A0430, A0420, and A0382 were not covered health care
26 services "in this case."
27
28

4

28. On July 2, 2009, United erroneously advised Sommers that the claim was "closed and cannot be appealed at this time."

29. United accepted AJS' second appeal on Sommers' behalf filed on September 11, 2009.

30. United denied the claim after this appeal on October 16, 2009, because the transport did not satisfy the criteria for non-emergency transportation.

31. Despite repeated requests for payment and submission of appeals by AJS, United refused to pay any portion of AJS' bill for air ambulance services.

32. The adverse determinations by United lacked any supporting analysis or documentation.

33. United's denial was premised in part on the fact that Tanner was not transported from a "facility" as United defines that term. The definition of "facility" is not contained in the Plan, and is not disclosed to beneficiaries or participants.

34. The term "facility" as used in the Plan is ambiguous, and should be construed in Summers' favor.

35. United's denials contained inaccurate and unsupported statements. Its competing benefit determinations have denied AJS a full and fair review.

36. United's denials do not adequately contain the basis of denial or adhere to time limits applicable to decisions on claims and appeals.

37. AJS has satisfied all of the jurisdictional prerequisites, including exhaustion of administrative remedies, to filing a claim in federal court.

5

# COUNT I

## RECOVERY OF INSURANCE AND PLAN BENEFITS

38. AJS incorporates and realleges each and every allegation contained in the foregoing paragraphs as if set forth fully herein.

39. A participant is entitled to recover benefits due under the terms of the plan, to enforce rights under the terms of the plan, and to clarify rights to future benefits under the terms of the plan. 29 U.S.C. § 1132(a)(1)(B).

40. A civil action may be brought by a participant (A) to enjoin any act or practice which violates any provision of Title I of ERISA or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of Title I of ERISA or the terms of the plan.  29 U.S.C. § 1132(a)(3) .

41. Sommers and AJS reasonably expected that the services were covered and met any applicable requirements under the Plan and that benefits would be awarded.

42. Despite having coverage for non-emergency air ambulance services under Sommers' Plan, United on the Plan's behalf, has improperly denied benefits to Sommers in breach of the Plan.  This breach was arbitrary, capricious, an abuse of discretion, not supported by substantial evidence and was clearly erroneous and in violation of ERISA § 503.

43. United's decision on behalf of the Plan was tainted by a structural conflict of interest that requires its decision be reviewed with increased skepticism.

44. United's procedural violations of ERISA and its regulations require its decision on behalf of the Plan be reviewed with increased skepticism.

45. AJS, as assignee and beneficiary of Sommers' claims under ERISA, is entitled to declaratory, injunctive and other appropriate equitable relief including, but not limited to, an order enjoining the Plan from failing to follow ERISA claims procedures, together with attorneys' fees and costs.

**WHEREFORE,** AJS demands judgment against the Defendants:

    a. Declaring that AJS is entitled to payment of services rendered to Sommers in the amount of $136,600 as a result of Defendants' violation of the terms of the Plan and ERISA by failing to pay for air ambulance services rendered by AJS to Sommers;

    b. Enjoining Defendants to cease and desist from violating ERISA and the terms of the Plan;

    c. Awarding pre-judgment interest to AJS at the highest rate allowable by law, e.g., 10% pursuant to A.R.S. § 20-462;

    d. Awarding AJS its reasonable attorneys' fees and costs pursuant to ERISA § 502(g), and

    e. Awarding AJS such other and further relief as the court deems just and proper.

Dated this 25th day of January 2010.

By: /s Lisa J. Counters
Kelly K. LoCascio, Esq.
Michael J. Ward, Esq.
Lisa J. Counters, Esq.
8014 E. McClain, Suite 220
Scottsdale, Arizona 85260
Telephone: (480) 634-8017
Facsimile: (480) 247-4603
Attorneys for Plaintiff